ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **SHEILA REYES RIVERA; JOSEFINA RIVERA ORTEGA; CARMELO REYES MARCANO; NINOSHKA REYES MEDINA y NICOLE REYES MEDINA**<br><br>Apelantes<br><br>v.<br><br>**HOSPITAL BAYAMON HEALTH CENTER; Dres. MIGUEL y MIGUELA DEL PUEBLO; CORPORACIONES XYZ y COMPANÍAS ASEGURADORAS ABC**<br><br>Apelados<br><br>v.<br><br>**PUERTO RICO MEDICAL ER GROUP CSP y CONTINENTAL CASUALTY COMPANY, INC.**<br><br>Terceros Demandados | KLAN202500490 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Bayamón**<br><br>Civil Núm.: **BY2018CV03317**<br><br>Sobre: Daños y Perjuicios Extracontractuales por Responsabilidad Profesional Médica |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de julio de 2025.

Comparecen la señora Sheila Reyes Rivera, la señora Josefina Rivera Ortega, el señor Carmelo Reyes Marcano, la señora Ninoshka Reyes Medina y la señora Nicole Reyes Medina (en conjunto, parte apelante) mediante un recurso de *Apelación* en el que nos solicitan que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, el 20 de marzo de 2025.[1] Mediante dicho dictamen, el foro primario declaró Ha Lugar la solicitud de sentencia sumaria parcial presentada por el

---

[1] Apéndice del recurso de apelación, págs. 313-362. Notificada y archivada en autos el 21 de marzo de 2025.

Puerto Rico Medical ER Group, CSP (PRMERG) y su aseguradora, Continental Casualty Company, Inc. (Continental).[2] En su consecuencia, desestimó con perjuicio la demanda contra tercero radicada por la Corporación para el Desarrollo de la Salud del Municipio de Bayamón t/c/c Bayamón Health Center (BHC) en contra de PRMERG y Continental.[3]

Posteriormente, PRMERG y Continental, y BHC presentaron sus alegatos en oposición los días 24 y 30 de junio de 2025, respectivamente.

Por los fundamentos que expondremos a continuación, desestimamos el pleito de marras, conforme a la Regla 83(B)(4) y (C) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).

## I.

El caso de marras tiene su génesis el 3 de octubre de 2018 cuando la parte apelante presentó una *Demanda* sobre daños y perjuicios por impericia profesional en contra de Doctor's Center Hospital, Inc., BHC, el Dr. Luis Vargas Martínez (Dr. Vargas Martínez),[4] y las aseguradoras.[5] La parte apelante adujo que las actuaciones negligentes de los codemandados provocaron la agonía física y las devastadoras consecuencias que culminaron con la muerte del Sr. Reyes Rivera. Por tal razón, solicitaron la cantidad de $900,000.00 en concepto de angustias y sufrimientos emocionales; una suma de $1,500,000.00 por la causa heredada de los hijos del causante; un pago razonable de honorarios de abogado; y el pago de intereses sobre la cuantía de la sentencia, a partir de la fecha de la presentación de la demanda, por concepto de temeridad.

---

[2] *Íd.*, págs. 237-263.
[3] *Íd.*, págs. 26-32.
[4] *Íd.*, págs. 67-68.
[5] *Íd.*, págs. 1-11.

Ulteriormente, el 15 de marzo de 2019, el BHC radicó una *Contestación a Demanda* en la que negó la mayoría de las alegaciones de la demanda, y planteó varias defensas afirmativas.[6]

El 25 de marzo de 2019, BHC presentó una *Demanda de Tercero* en contra de PRMERG y su aseguradora, Continental. Sostuvo que, a la fecha de los hechos, el Dr. Vargas Martínez tenía un contrato para proveer servicios en la sala de emergencia de BHC. Por ende, suplicó del foro primario que, de comprobarse las alegaciones de la parte apelante en cuanto a la supuesta desviación de los estándares de la medicina por parte de dicho médico, respondería en primer orden PRMERG como principal o patrono del Dr. Vargas Martínez. Además, solicitó que, en cualquier caso, relevara de responsabilidad al BHC respecto a esos mismos daños.

El 15 de noviembre de 2019, la parte apelante presentó una *Demanda Enmendada* para sustituir el nombre completo del Dr. Vargas Martínez y el de la compañía aseguradora de este, Puerto Rico Medical Defense Insurance Company (PRMDIC).[7]

**Posteriormente, el 15 de octubre de 2020, el TPI emitió una *Sentencia Parcial* donde declaró Ha Lugar la *Moción de Desistimiento Parcial Voluntario Sin Perjuicio* <u>radicada por la parte apelante</u> en contra del Dr. Vargas Martínez, conforme a la Regla 39.1(a)(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1(a)(1).**[8] Consecuentemente, el foro primario decretó el archivo de la demanda, sin perjuicio, en cuanto al Dr. Vargas Martínez.

Luego de varios trámites procesales, PRMERG y Continental presentaron sus contestaciones a la demanda contra tercero radicada por BHC.[9]

---

[6] *Íd.*, págs. 16-25.
[7] *Íd.*, págs. 67-68; *Íd.*, págs. 69-79.
[8] *Íd.*, págs. 86-87; *Íd.*, págs. 88-89. Notificada y archivada en autos el 16 de octubre de 2020.
[9] *Íd.*, págs. 93-95; *Íd.*, págs. 98-102.

El 13 de octubre de 2021, BHC presentó una *Demanda de Tercero* en contra del Dr. Vargas Martínez, su esposa y la Sociedad de Bienes Gananciales, compuesta por ambos; y PRMDIC como aseguradora del Dr. Vargas Martínez.[10] Solicitó del foro *a quo* que declarara Ha Lugar dicha demanda para que el Dr. Vargas Martínez le respondiera a la parte apelante. Además, solicitó que esos terceros codemandados le pagaran a BHC, mediante nivelación, cualquier cantidad de dinero que BHC le pagara a la parte apelante, conforme a la sentencia que se dictara.

Después, el 11 de abril de 2022, el Dr. Vargas Martínez y PRMDIC radicaron una *Moción Solicitando Desestimación.*[11] Solicitaron la desestimación con perjuicio de la demanda contra tercero radicada por BHC.

Por su parte, BHC presentó un escrito el 27 de abril de 2022 donde solicitó del foro primario que, dictara Ha Lugar la solicitud de desestimación del Dr. Vargas Martínez y PRMDIC, y dispusiera en la sentencia parcial que, por ello, la parte apelante quedaba impedida de reclamarles a los codemandados restantes el porciento de responsabilidad que pudiera comprobarse respecto al Dr. Vargas Martínez y su aseguradora.[12]

**El 13 de mayo de 2022, el foro primario emitió una *Sentencia Parcial* en la que ordenó la desestimación *con perjuicio* de la demanda contra tercero <u>presentada por BHC</u> en cuanto al Dr. Vargas Martínez y PRMDIC.**[13]

El 2 de mayo de 2023, PRMERG y Continental radicaron una *Moción de Sentencia Sumaria Parcial* en la que arguyeron que procedía dictar una sentencia parcial a favor de PRMERG y su aseguradora, ya que la demanda enmendada como en la demanda

---

[10] *Íd.*, págs. 146-167.
[11] *Íd.*, págs. 199-228.
[12] *Íd.*, págs. 230-232.
[13] *Íd.*, págs. 233-234. Notificada y archivada en autos el 16 de mayo de 2022.

contra tercero carecían de alegaciones sobre negligencia directamente de parte de ambas. Sostuvieron que procedía lo anterior también porque la *Sentencia Parcial* del 15 de octubre de 2020 sobre el desistimiento contra el Dr. Vargas Martínez, al igual que la *Sentencia Parcial* del 13 de mayo de 2022 desestimando con perjuicio la demanda contra los terceros demandados- el Dr. Vargas Martínez y PRMDIC- habían advenido final y firme, por lo que el médico fue relevado de responsabilidad y no era posible traerlo nuevamente para que respondiera solidariamente como cocausante de los hechos alegados en la demanda enmendada.

Por su parte, el 2 de junio de 2023, BHC presentó un escrito en torno a la solicitud de sentencia sumaria donde expresó que no estaría presentando una oposición al respecto.[14]

Luego de varios trámites procesales, el TPI emitió la *Sentencia Parcial* apelada el 20 de marzo de 2025. Declaró Ha Lugar la solicitud de sentencia sumaria parcial presentada por PRMERG y su aseguradora, Continental. **Consecuentemente, desestimó *con perjuicio* la demanda contra tercero <u>presentada por BHC.</u>**

El 28 de abril de 2025, el foro primario denegó la solicitud de reconsideración radicada por la parte apelante el 7 de abril de 2025.[15]

Inconforme, la parte apelante presentó ante nos un recurso de apelación el 29 de mayo de 2025, y planteó los siguientes señalamientos de error:

> **Erró el TPI al concluir en la *Tercera Sentencia Parcial* que la *Segunda Sentencia Parcial* fue una adjudicación en los méritos de la reclamación de la parte demandante contra el Dr. Vargas, al amparo de la Regla 4.3 de Procedimiento Civil.**
>
> **Erró el TPI al pretender usar la *Tercera Sentencia Parcial* para corregir errores de derecho de la**

---

[14] *Íd.*, págs. 271-273.
[15] *Íd.*, pág. 394. Notificada y archivada en autos el 29 de abril de 2022; *Íd.*, págs. 365-380.

***Segunda Sentencia Parcial* y así afectar los derechos sustantivos de la parte apelante.**

En síntesis, sostuvo que, en la *Sentencia Parcial* apelada, el foro primario concluyó que la *Sentencia Parcial* del 13 de mayo de 2022 había sido una adjudicación en los méritos de la reclamación en contra del Dr. Vargas Martínez, al amparo de la Regla 4.3(c) de Procedimiento Civil, *supra*, R. 4.3(c). Adujo que el TPI incidió al determinar lo anterior, ya que no se había dictado una primera sentencia desestimando la demanda o demanda enmendada sin perjuicio, conforme *a Ross Valedón v. Hospital Dr. Susoni Health Community Services*, 213 DPR 481 (2024). Además, arguyó que la *Sentencia Parcial* apelada pretendía enmendar la *Sentencia Parcial* del 13 de mayo de 2022 a los efectos de anular el desistimiento de la parte apelante respecto a su reclamación en contra del Dr. Vargas Martínez, lo cual había sido aceptado por medio de la *Sentencia Parcial* del 15 de octubre de 2020, y la cual había advenido final y firme.

Por su parte, el PRMERG y Continental presentaron un *Alegato de las Partes Apeladas* el 24 de junio de 2025. Adujeron que el Dr. Vargas Martínez no podía ser traído al pleito para responder por su propia negligencia como cocausante solidario, ya que constituía cosa juzgada.

El 30 de junio de 2025, BHC radicó un *Alegato del Apelado*. Arguyó que, en la *Sentencia Parcial* del 13 de mayo de 2022, el foro primario resolvió que el Dr. Vargas Martínez no tenía que responderle a la parte apelante, y que dicho dictamen constituyó un dictamen final en los méritos. Razonó que, si no se le podía exigir responsabilidad al Dr. Vargas Martínez como único cocausante de los daños reclamados, no existía una relación solidaria por la cual se le podía cobrar a PRMERG ni Continental, y, por ende, la parte

apelante no contaba con una causa de acción en contra de PRMERG ni Continental.

**II.**

**A.**

La Regla 36 de Procedimiento Civil, *supra*, R. 36, establece el mecanismo procesal de la sentencia sumaria. El propósito de esta regla es facilitar la solución justa, rápida y económica de litigios civiles en los cuales no existe controversia real y sustancial de hechos materiales y que no requieren ventilarse en un juicio plenario. *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Bobé et al. v. UBS Financial Services*, 198 DPR 6, 19-20 (2017); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). Mediante este procedimiento, una parte puede solicitar que el tribunal dicte sentencia sumaria sobre la totalidad o parte de la reclamación, y así se promueve la descongestión de calendarios. *Vera v. Dr. Bravo*, 161 DPR 308, 331-332 (2004).

De igual modo, el mecanismo de sentencia sumaria solo está disponible para la disposición de aquellos casos que sean claros; cuando el tribunal tenga ante sí la verdad de todos los hechos esenciales alegados en la demanda; y que solo reste por disponer las controversias de derecho existentes. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994). Asimismo, la Regla 36.3(e) de Procedimiento Civil, *supra*, R. 36.3(e), dispone que:

> La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.

Al evaluarse los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia, consciente en todo momento de que su determinación puede privar

a una de las partes de su día en corte. *León Torres v. Rivera Lebrón,* 204 DPR 20, 44 (2020). De la mano con este precepto del debido proceso de ley, el juzgador deberá utilizar el principio de liberalidad a favor del opositor de la moción, lo cual implica que, de haber dudas sobre la existencia de controversias de hechos materiales, entonces deberán resolverse a favor de la parte que se opone a la moción de sentencia sumaria. *Ramos Pérez v. Univisión,* 178 DPR 200, 216 (2010).

Además, nuestro máximo foro ha establecido que no es aconsejable dictar una sentencia sumaria cuando existe controversia sobre asuntos de credibilidad o que envuelvan aspectos subjetivos tales como la intención, los propósitos mentales o la negligencia. *Aponte Valentín v. Pfizer Pharmaceuticals, LLC,* 208 DPR 263, 278 (2021). Sin embargo, "nada impide que se utilice el mecanismo de sentencia sumaria en reclamaciones que requieran elementos subjetivos o de intención cuando surge de los documentos que se considerarán en la solicitud de sentencia sumaria la inexistencia de una controversia en torno a los hechos materiales". *Cruz Cruz v. Casa Bella Corp.,* 213 DPR 980, 993-994 (2024).

Para prevalecer en una moción de sentencia sumaria, su promovente tiene que establecer su derecho con claridad y debe demostrar que no existe controversia en cuanto a ningún hecho material, o sea, ningún elemento de la causa de acción. *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 110 (2015). Por hechos materiales se entienden aquellos que pueden afectar el resultado de una reclamación de acuerdo con el derecho sustantivo. *Ramos Pérez v. Univisión, supra,* pág. 213. Además:

> [U]na controversia no es siempre real o sustancial, o genuina. La controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. La fórmula, debe ser, por lo tanto, que la moción de sentencia sumaria

adecuadamente presentada sólo puede negarse si la parte que se opone a ella presenta una oposición basada en hechos que puedan mover a un juez a resolver a su favor. Si el juez se convence de que no existe una posibilidad razonable de que escuchar lo que lee no podrá conducirlo a una decisión a favor de esa parte, debe dictar sentencia sumaria. *Ramos Pérez v. Univisión, supra,* págs. 213-214 (*citando a* P. E. Ortiz Álvarez, *Hacia el uso óptimo de la sentencia sumaria,* 3 (Núm. 2) Forum 3, pág. 8 (1987)).

En suma, deberá demostrar que: (1) no es necesario celebrar una vista; (2) el demandante no cuenta con evidencia para probar algún hecho sustancial; y (3) procede como cuestión de derecho. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ª ed. rev., San Juan, Ed. LexisNexis, 2017, pág. 317.

En contraste, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia que sea real en cuanto a algún hecho material a la controversia y, en ese sentido, no es cualquier duda es suficiente para derrotar la solicitud. *Meléndez González et al. v. M. Cuebas, supra.* En efecto, la duda debe ser tal que permita concluir que existe una controversia real y sustancial sobre los hechos materiales. *Meléndez González et al. v. M. Cuebas, supra* (*citando a Ramos Pérez v. Univisión, supra,* pág. 214). De esta manera, central entre las responsabilidades de la parte promovida se encuentra que debe puntualizar los hechos propuestos que pretende controvertir, haciendo referencia a la prueba específica que sostiene su posición. *León Torres v. Rivera Lebrón, supra,* pág. 44. Es decir, "la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa". *León Torres v. Rivera Lebrón, supra,* pág. 44. De esta forma, no puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa. *SLG Zapata-Rivera v. JF Montalvo,*

supra; *Ramos Pérez v. Univisión, supra*, pág. 215; *Cruz Marcano v. Sánchez Tarazona*, 172 DPR 526, 550 (2007).

En esa misma línea, al evaluar una moción de sentencia sumaria, "los jueces no están limitados por los hechos o documentos que se aduzcan en la solicitud, sino que deben considerar todos los documentos en autos —sean o no parte de la solicitud de sentencia sumaria— de los cuales surjan admisiones hechas por las partes". *Mejías v. Carrasquillo*, 185 DPR 288, 300 (2012). De igual modo, al determinar si existen hechos en controversia que impiden dictar una sentencia sumariamente, "el tribunal debe analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como los que obren en el expediente del tribunal". *Cruz Marcano v. Sánchez Tarazona, supra*, pág. 550. Solo procede dictar dicha sentencia "cuando surge claramente que el promovido no puede prevalecer y que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia". *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 129 (2012).

En pleitos sobre daños y perjuicios, la demandante puede presentar una petición de sentencia sumaria con posibilidades de éxito si incluye prueba sobre todas las aseveraciones de la demanda que sean elementos indispensables de dicha reclamación; es decir, sobre la acción u omisión, la culpa o negligencia, y la relación causal con el daño. *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 281 (1990).

Entretanto, la Regla 36.3 de Procedimiento Civil, *supra*, R. 36.3, establece el procedimiento para la consideración de la moción de sentencia sumaria, así como el contenido de la moción y de la contestación de la parte promovida. Respecto a la moción solicitando que se dicte una sentencia sumaria, la Regla 36.3(a) de

Procedimiento Civil, *supra,* R. 36.3(a), dispone que tendrá que desglosar lo siguiente:

> (1) una exposición breve de las alegaciones de las partes;
> (2) los asuntos litigiosos o en controversia;
> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
> (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
> (6) el remedio que debe ser concedido.

Por otra parte, la Regla 36.3(b) de Procedimiento Civil, *supra,* R. 36.3(b), señala que la contestación a la moción de sentencia sumaria debe contener, además de los sub incisos (1), (2) y (3) del inciso (a); una relación de los hechos esenciales y pertinentes que están en controversia, con referencia a los párrafos enumerados por la parte promovente y con indicación de la prueba en la que se establecen esos hechos; una enumeración de los hechos que no están en controversia; y las razones por las cuales no se debe dictar la sentencia, argumentando el derecho aplicable.

De otra parte, en *Meléndez González et al. v. M. Cuebas, supra,* el Tribunal Supremo delineó el estándar que el Tribunal de Apelaciones debe utilizar para revisar una denegatoria o una concesión de una moción de sentencia sumaria.

En primer lugar, reafirmó que el Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria, siendo su revisión una *de novo* y teniendo la obligación de regirse por la Regla 36 de Procedimiento Civil, *supra,* y los criterios que la jurisprudencia le exige al foro primario. *Meléndez González et al. v. M. Cuebas, supra,* pág. 118. Asimismo, deberá examinar el expediente de la manera más

favorable hacia la parte que se opuso a la petición de sentencia sumaria, llevando a cabo todas las inferencias permisibles a su favor. Ahora bien, reconoció que el foro apelativo está limitado, toda vez que no podrá tomar en consideración evidencia que las partes no presentaron ante el foro primario, ni podrá adjudicar los hechos materiales en controversia.

En segundo lugar, prescribió que el Tribunal de Apelaciones deberá revisar que tanto la moción en solicitud de sentencia sumaria, como la oposición, cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra. Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118.

En tercer lugar, mandató que, ante la revisión de una sentencia dictada sumariamente, el Tribunal de Apelaciones deberá revisar si en realidad existen hechos materiales en controversia y, de haberlos, estará obligado a exponer específicamente cuáles hechos materiales están en controversia y cuáles no, en cumplimiento con la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 118.

En cuarto lugar, dispuso que, si encuentra que los hechos materiales realmente no están en controversia, entonces el Tribunal de Apelaciones deberá revisar *de novo* si el foro primario aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas*, *supra*, pág. 119.

**B.**

La Regla 12.1 de Procedimiento Civil, *supra*, R. 12.1, reglamenta el mecanismo procesal de la demanda contra tercero. La misma dispone en lo pertinente que:

> La parte demandada podrá notificar, como demandante contra tercero, un emplazamiento y demanda a una persona que no sea parte en el pleito y que sea o pueda ser responsable a la parte demandada por la totalidad o por parte de la reclamación de la parte demandante, o que sea o pueda ser responsable a cualquier parte en el pleito.

La demanda contra tercero podrá presentarse sin permiso del tribunal dentro de los treinta (30) días contados a partir de la fecha de la presentación de la contestación a la demanda o de la réplica a una reconvención. Transcurrido dicho término, deberá solicitarse permiso al tribunal para presentar la demanda, previa demostración de justa causa.

. . . .

**En otras palabras, por medio de la demanda contra tercero, un demandado puede traer al pleito a un tercero para que le sea responsable a él <u>o a cualquier parte en el caso</u> por lo que se reclama en la demanda.** *Colón Negrón v. Mun. Bayamón,* 192 DPR 499, 516-517 (2015) (*citando a* R. Hernández Colón, Práctica jurídica de Puerto Rico, 5ª rev. ed., San Juan, Lexis Nexis, 2010, pág. 168). De igual modo, este mecanismo permite que las controversias que surjan de unos mismos hechos y que estén relacionadas entre sí se diluciden en el mismo pleito. El propósito de lo anterior es promover la economía procesal y facilitar la rápida y eficaz resolución de las controversias. *Maldonado Rivera v. Suárez,* 195 DPR 182, 191 (2016); *Camaleglo v. Dorado Wings, Inc.*, 118 DPR 20, 28 (1986); véase, además, *Gen. Accid. Ins. Co. P.R. v. Ramos*, 148 DPR 523, 534 (1999); *Colón v. Coop. de Seguros Múltiples de P.R.*, 111 DPR 568, 571 (1981) (*Per Curiam*). Para lograrlo, se debe interpretar la Regla 12.1 de Procedimiento Civil, *supra*, de forma liberal. *Colón Negrón v. Mun. Bayamón, supra*, pág. 514.

A pesar de lo anterior, el Tribunal Supremo de Puerto Rico ha indicado que debe existir un entronque común entre la demanda original y la reclamación de la demanda contra tercero. **Según señalado, uno de los propósitos de la demanda contra tercero es evitar pleitos múltiples que pueden nacer de unos mismos hechos.** *Colón Negrón v. Mun. Bayamón, supra*, pág. 517. Por lo tanto, a pesar de la liberalidad con la cual se debe interpretar, la Regla 12.1 de Procedimiento Civil, *supra*, "la regla no se puede utilizar para acumular en una acción controversias dispares por el

mero hecho de que posean alguna relación común". *Colón Negrón v. Mun. Bayamón, supra*, págs. 517-518.

## C.

Por otro lado, el emplazamiento es un mecanismo procesal por el cual se le notifica al demandado, a grandes rasgos, sobre la existencia de una reclamación presentada en su contra "para así garantizarle su derecho a ser oído y a defenderse si así lo desea". *Rivera v. Jaume*, 157 DPR 562, 575 (2002). Este mecanismo también se utiliza para que un Tribunal pueda adquirir jurisdicción sobre el demandado de forma que este quede obligado por el dictamen que en su día recaiga. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., supra*; *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019). En otras palabras, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". *Álvarez v. Arias*, 156 DPR 352, 366 (2002) (*citando a Acosta v. ABC, Inc.*, 142 DPR 927 (1997)); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Es por ello que el demandante ostenta la obligación de dar cumplimiento estricto a los requisitos del emplazamiento y su diligenciamiento, pues existe una política pública que requiere que el demandado sea emplazado y notificado debidamente "para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley". *Rivera Marrero v. Santiago Martínez, supra*, pág. 480. Asimismo, bajo la Regla 10.2 de Procedimiento Civil, *supra*, R. 10.2, las partes podrán realizar varias defensas, mediante una moción debidamente fundamentada, incluyendo insuficiencia del diligenciamiento del emplazamiento.

Ahora bien, la Regla 4 de Procedimiento Civil, *supra*, R. 4, es la que regula el proceso y las formalidades del emplazamiento en casos civiles. *Ross Valedón v. Hospital Dr. Susoni Health Community*

*Services, Corp., supra*; *Pérez Quiles v. Santiago Cintrón, supra,* pág. 384. En el caso del emplazamiento personal, la Regla 4.3(c) de Procedimiento Civil, *supra,* establece el término para diligenciarlo y la consecuencia de incumplir con ello:

> (c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.
>
> . . . .
>
> (Énfasis suplido).

**En otras palabras, la desestimación <u>sin perjuicio</u> exige que el Tribunal en cuestión emita la correspondiente sentencia con esa finalidad.** Específicamente, nuestro máximo foro pautó que:

> **[A]nte un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar <u>prontamente</u> una sentencia en la cual decreten la desestimación y el archivo sin perjuicio de la reclamación judicial. Dado que, cronológicamente, ocurrió primero el incumplimiento con la Regla 4.3(c) de Procedimiento Civil de 2009,** *supra,* **corresponde poner en vigor sus efectos y decretar la desestimación sin perjuicio en lugar de dar por desistido el asunto.**
>
> . . . .
>
> *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp., supra,* págs. 492-493 (2024) (Énfasis suplido en el original).

Por ende, la desestimación por incumplir con dicho término **no cobra eficacia automáticamente**, sino que requiere que el tribunal en cuestión intervenga prontamente y emita una sentencia

desestimando y archivando el pleito. *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, *supra*, pág. 495.

**D.**

El desistimiento es aquella declaración de voluntad que realiza una parte para expresar su deseo de no continuar con la reclamación que dicha parte interpuso. *Pagán Rodríguez v. Rivera Schatz*, 206 DPR 277, 285 (2021). Este mecanismo representa uno de los principios básicos de procedimiento civil; es decir, el derecho de la parte demandante de disponer del caso. *Pagán Rodríguez v. Rivera Schatz, supra*, págs. 285-286 (*citando a* Hernández Colón, *op. cit.*, pág. 414). Precisamente, la Regla 39.1 de Procedimiento Civil, *supra*, se encarga de regular el desistimiento de reclamaciones judiciales. **Mediante el inciso (a)(1) de dicha regla permite que la parte demandante pueda desistir de un pleito de forma voluntaria a través de un aviso de desistimiento**; o por medio de una estipulación de desistimiento firmada por todas las partes que comparecieron al pleito. Regla 39.1(a)(2) de Procedimiento Civil, *supra*, R. 39.1(a)(2). **Nuestro máximo foro ha expresado que, "al amparo de cualquiera de las dos instancias del inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*, el derecho de la parte demandante de renunciar a su reclamación es absoluto y nada impide que pueda demandar nuevamente".** *Pagán Rodríguez v. Rivera Schatz, supra*, pág. 287 (Énfasis suplido).

Por otro lado, el inciso (b) se refiere a cuando la parte demandante desiste de un caso previa orden del tribunal. Regla 39.1(b) de Procedimiento Civil, *supra*, R. 39.1(b).

**III.**

En el caso de marras, el TPI declaró Ha Lugar la solicitud de sentencia sumaria parcial presentada por PRMERG y su aseguradora, Continental. Consecuentemente, **desestimó con perjuicio la *demanda contra tercero* presentada por BHC**.

Inconforme, la parte apelante levantó dos señalamientos de error respecto a la *Sentencia Parcial* apelada. *Primero,* adujo que el TPI incidió al indicar en dicha determinación que la *Sentencia Parcial* del 13 de mayo de 2022 fue una adjudicación en los méritos de la reclamación de la parte demandante contra el Dr. Vargas Martínez, al amparo de la Regla 4.3 de Procedimiento Civil, *supra,* R. 4.3, Expuso que lo anterior se daba a que no se había dictado una primera sentencia desestimando la demanda o demanda enmendada sin perjuicio, conforme a *Ross Valedón v. Hospital Dr. Susoni Health Community Services, supra.*

Como su *segundo* señalamiento de error, arguyó que el foro primario incidió al procurar usar la *Sentencia Parcial* apelada para corregir errores de derecho de la *Sentencia Parcial* del 13 de mayo de 2022, y así afectar los derechos sustantivos de la parte apelante. Específicamente, expuso que la *Sentencia Parcial* apelada pretendía enmendar la *Sentencia Parcial* del 13 de mayo de 2022 a los efectos de anular el desistimiento de la parte apelante de su reclamación en contra del Dr. Vargas Martínez, lo cual había sido aceptado en la *Sentencia Parcial* del 15 de octubre de 2020. Además, alegó en lo pertinente que, mediante la *Sentencia Parcial* del 13 de mayo de 2022, el foro primario no decretó la desestimación de la demanda enmendada, sino que lo único que resolvió fue desestimar con perjuicio la demanda contra tercero.

Por su parte, PRMERG y Continental presentaron un *Alegato de las Partes Apeladas* el 24 de junio de 2025. Adujeron que el Dr. Vargas Martínez no podía ser traído al pleito para responder por su propia negligencia como cocausante solidario, a base de las sentencias parciales emitidas el 15 de octubre de 2020 y el 13 de mayo de 2022, las cuales habían advenido finales y firme, y, por ende, constituían cosa juzgada.

El 30 de junio de 2025, el BHC radicó un *Alegato del Apelado*. Adujo que, en la *Sentencia Parcial* del 13 de mayo de 2022, el foro primario resolvió que el Dr. Vargas Martínez no tenía que responderle a la parte apelante.

Tras un análisis objetivo y cuidadoso, concluimos que no podemos atender los planteamientos de error de la parte apelante. La parte apelante no tiene el derecho de solicitar la revocación de la decisión apelada, ya que no es una de las partes envueltas o afectadas por la desestimación con perjuicio de la <u>demanda contra tercero</u>. Surge del récord que dicha demanda fue radicada por BHC en contra de PRMERG y Continental. Adviértase que no podemos obligar a BHC a litigar una demanda cuando BHC no se opuso ni apeló la desestimación de dicha reclamación. De hecho, a lo que sí se opuso BHC fue a la revocación de la *Sentencia Parcial* apelada. A esos efectos, suplicó que declaráramos No Ha Lugar el recurso de apelación ante nos, y confirmáramos la *Sentencia Parcial* apelada.

**IV.**

Por las razones discutidas anteriormente, desestimamos el pleito de marras, a la luz de la Regla 83(B)(4) y (C) del Reglamento del Tribunal de Apelaciones, *supra*; es decir, cuando "el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos".

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La jueza Aldebol Mora disiente sin opinión escrita.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones